IN THE UNITED STATES DISTICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

1. RITA CRAMPTON as Personal Representative of the Estate of Jane Ann Martin, deceased

    *Plaintiff,*

v.

1. CHRIS MORRIS, Sheriff of Pittsburg County, Oklahoma,
2. ABOUTANAA EL HABIT, Warden of Mabel Bassett Correctional Center,
3. DOES I through X,

    *Defendants,*

Case No: 21-CV-053-JFH

## JOINT STATUS REPORT

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, counsel for the parties conducted a meeting on August 8, 2022, by telephone. Plaintiff appeared by counsel John Warren and Defendant Chris Morris appeared by counsel Wellon Poe.

**Jury Demanded**:       ☒Yes       ☐No

**I.     Summary of Claims, as alleged by Plaintiff**:

Plaintiff alleges that Jane Martin's ("Ms. Martin") constitutional right to medical care was denied. As stated in Plaintiffs' Complaint, Ms. Martin needlessly died after responsible medical staff at the Pittsburg County Jail and Mabel Basset Correctional Center ("MBCC") disregarded known, obvious and substantial risks to her health and safety.

Ms. Martin was booked into Pittsburg County Jail on November 5, 2019, where she immediately began complaining of pain in her side, difficulty breathing, and a general feeling of sickness to Pittsburg County Jail staff. For a period of eight (8) days, Ms. Martin repeatedly notified Pittsburg County Jail staff and employees that she was experiencing excruciating chest pain. Throughout her time at the Pittsburg County Jail, jail staff did nothing to treat or otherwise evaluate Ms. Martin's declining health condition.

At approximately 10:00 A.M., on November 14, 2019, Ms. Martin was transferred to MBCC, whereby MBCC staff conducted a medical intake and observed Ms. Martin's rapidly declining health. Ms. Martin informed MBCC staff that she felt terrible and requested medical attention. Over the course of the morning/early afternoon, MBCC staff observed Ms. Martin's physical condition deteriorate until, when Ms. Martin was on the brink of death, MBCC staff

finally requested an ambulance. When paramedics arrived, CPR was performed, and Ms. Martin was taken to a local emergency room. At approximately 7:02 P.M., on November 14, 2019, Ms. Martin was pronounced dead. It was later determined that Ms. Martin's death was caused by bacterial endocarditis which could have been easily treated with early intervention.

Responsible Pittsburg County Jail and MBCC detention and medical staff disregarded known, obvious and substantial risks to Ms. Martin's health and safety. And Ms. Martin suffered severe and unnecessary pain, a worsening of her condition, and ultimately death as a proximate result of this deliberate indifference.

The deliberate indifference to Ms. Martin's serious medical needs, as summarized *supra*, was in furtherance of and consistent with policies, customs and/or practices which Sheriff Chris Morris and Warden Aboutanaa El Habti promulgated, created, implemented or possessed responsibility for the continued operation of at Pittsburg County Jail and MBCC respectively.

Plaintiff has filed claims, under 42 U.S.C. § 1983, against Defendants Sheriff Chris Morris (in his individual and official capacity as Sheriff of Pittsburg County) and Warden Aboutanaa El Habti (in his individual and official capacity as Warden of MBCC) for each of their roles in causing Ms. Martin's civil rights to be violated.[1]

Plaintiff is seeking compensatory damages against the Defendants for the above described violations of Ms. Martin's constitutional rights. Plaintiff also seeks punitive damages.

    **A. Claims to be Dismissed**: None.

**II.**    **Summary of Defenses**:

**<u>Defendant Chris Morris, Sheriff of Pittsburg County</u>**:

1. Plaintiff's First Amended Complaint fails to state a claim for any relief against this Defendant pursuant to Fed. R. Civ. P. 12(b)(6).
2. Plaintiff's First Amended Complaint fails to state a claim for any federal constitutional violation on behalf of this Defendant.
3. Plaintiff has failed to state a claim under either the Eighth or Fourteenth Amendments to the United States Constitution.
4. Defendant Morris, in his official capacity as Sheriff of Pittsburg County, cannot be held liable for any federal constitutional violation resulting from acts of agents, servants or appointees or employees under the doctrine of respondeat superior or vicarious liability.
5. Defendant Morris, individually and in his official capacity, has not executed or implemented any policy or procedure which can be found in any ordinance, regulation, policy, statement or decision officially adopted by the Sheriff, or found in any pattern or persistent practices known to and approved by the Sheriff that would be considered unconstitutional or which would cause any alleged violation of Decedent's constitutional rights.

---

[1] The Court dismissed Plaintiff's claims against Defendant El Habti on July 19, 2022. *See* Dkt. #56.

6. Plaintiff has failed to set forth any allegation which would create a material issue of fact as to the requisite, culpable state of mind of deliberate indifference on behalf of the Sheriff.

7. Defendant Morris' actions or inactions were not the direct or proximate cause of Plaintiff's alleged injuries or damages.

8. Defendant Sheriff is not liable for actions or omissions committed by an employee or official which are outside the scope of the employee or official's employment.

9. Any injuries or damages alleged by Plaintiff for alleged injuries to Decedent were the result of a third-party over whom this Defendant had no authority or control.

10. Any liability of Defendant Sheriff, individually or in his official capacity, is several from liability of any other Defendant pursuant to Oklahoma law.

11. There was no underlying constitutional violation committed by any employee or official of Pittsburg County that would impose liability on Defendant Morris.

12. Defendant Sheriff was not deliberately indifferent to Ms. Martin's alleged serious medical needs.

13. Defendant Morris did not breach any legal duty to Ms. Martin.

14. Defendant Morris did not personally participate in any of the alleged actions or inactions which may have caused Ms. Martin's alleged injuries and/or damages.

15. Defendant Morris, in his individual capacity, is entitled to the defense of qualified immunity.

16. The actions of Defendant Morris were reasonable under the facts and circumstances known to the Defendant.

17. The actions of officials or employees of Pittsburg County were reasonable under the facts and circumstances known to the employees and/or officials.

18. Any injuries or damages suffered by Decedent, if any, were the result of her own actions or inactions and not the result of any actions or inactions of Defendant Sheriff.

19. Any injuries or damages suffered by Decedent, if any, were the result of actions or inactions of one or more third parties over which this Defendant had no authority or control.

20. Defendant Morris is entitled to settlement credit or an off-set regarding any settlement with any other party in this case pursuant to 12 O.S. § 832(H), other state law and/or federal statutory or common law.

21. Defendant Morris, in his official capacity, is not subject to a finding of punitive damages.

22. Potential damages against this Defendant are limited and/or capped under Oklahoma law.

    **A. Defenses to be Abandoned**:  None

**III.**     **Motions Pending** (Include Docket Number, Description and Date at Issue)**:**

    None.

**IV.**     **Stipulations:**

    **A. Jurisdiction Admitted**:    ☒Yes    ☐No (If no, explain.)

    **B. Venue Appropriate**:    ☒Yes    ☐No (If no, explain.)

    C. **Facts**:  None.

    D. **Law**:  The claims and defenses are governed by federal constitutional law.

V. **Proposed Deadlines:**

    A. **Parties to be Added by**:	9/7/2022

    B. **Proposed Discovery Cutoff Date**:	4/13/2023

    C. **Fact Witness Lists to be Exchanged by**:	11/15/2022

    D. **Proposed Date for Expert Reports by Plaintiff and Defendant**:

        Plaintiff's expert reports:	2/3/2023
        Defendant's expert reports:	3/3/2023

VI. **Fed. R. Civ. P. 26(f) Discovery Plan**

    A. Should any changes be made to the timing, form or requirements for disclosures under Rule 26(a)?   ☐Yes (If yes, explain.) ☒No

    B. When were or will initial disclosures under Rule 26(a)(1) be made?

        08/3/2021

Note that pursuant to Rule 26(a)(1), initial disclosures must be made within 14 days after you confer for the purpose of preparing this discovery plan.  All parties are under an affirmative duty to (i) comply with the mandatory disclosure requirements, and (ii) notify the Court of any non-disclosure so that the issue can be promptly referred to a magistrate judge for resolution.  Failure of any party to disclose information or failure of any party to bring disclosure issues to the Court's attention in a timely manner  may result in sanctions, including  prohibiting  the use of that information at trial pursuant to Rule 37(c)(1).

    C. Should discovery be conducted in phases and/or should discovery be limited at this time to particular subject matters or issues?   ☐Yes   ☒No

    D. Should any changes be made in the limitations on discovery imposed by the Federal Rules of Civil Procedure or the Local Civil Rules?
☐Yes (If yes, explain.) ☒No

    E. Proposed Number of Fact and Expert Depositions:

        1. To be allowed for Plaintiff?  15 fact; 5 expert

      2. To be allowed for Defendants?  15 fact; 5 expert

  F. Is there a need for any special discovery management order(s) by the Court? ☐Yes (If yes, explain.)  ☒No

  G. The parties are directed to Guidelines for Discovery of Electronically Stored Information on the public website at www.oked.uscourts.gov / Judge Heil's Info Tab, for advice on the production of electronic information.

**VII.   Anticipated Dispositive Motions?**

    ☒Yes (If yes, describe.)  ☐No

Defendant Morris anticipates filing a motion for summary judgment in accordance with the Scheduling Order entered by the Court.

**VIII.  Do all parties consent to trial before the assigned magistrate judge?**  ☐Yes  ☒No

If yes, please email a proposed Consent Form to the Clerk via the designated mailbox at Consents_OKED@oked.uscourts.gov and indicate the month and year in which trial by the magistrate judge is requested. Please do not file proposed orders as an attachment to a document. (Refer to page 17 of the CM/ECF Administrative Guide of Policies and Procedures for further instruction regarding proposed orders.)

**IX.    Do all parties consent to dispositive motions being referred to the assigned Magistrate Judge for final disposition pursuant to Local Rule 73.1?**  ☐Yes  ☒No

If yes, please email a completed, proposed Consent to Magistrate - Dispositive Motion (AO 085A) to the Clerk via the designated mailbox at Consents_OKED@oked.uscourts.gov. Please do not file proposed documents as an attachment to a document. (Refer to page 17 of the CM/ECF Administrative Guide of Policies and Procedures for further instruction regarding proposed documents.)

**X.     Settlement Plan** (Check one):

☒Settlement Conference Requested After:        3/31/2023

    Describe Settlement Judge Expertise Required, If Any:  Federal civil rights/inmate litigation.

☐Private Mediation Scheduled On:

☐ Other ADR (Explain):

☐ ADR Appropriate:
 ☐ Yes
 ☒ No (If no, explain.)

**XI. Does this case warrant special case management?**
☐ Yes (If yes, explain.)   ☒ No

**XII. Do the parties request that the Court hold a scheduling conference?** ☐ Yes  ☒ No

If a conference is not requested or ordered by the Court, the Court will, after receiving this report, issue a scheduling order based on the information contained in this report.

**XIII. Estimated Trial Time:**  5 days.


Respectfully submitted,

SMOLEN | LAW, PLLC

/s/ John W. Warren
Donald E. Smolen, II, OBA #19944
Laura L. Hamilton, OBA #22619
Dustin Vanderhoof, OBA #21388
Jack Warren, OBA# 33635
611 S. Detroit Ave.
Tulsa, OK  74120
Tel:  918-777-4529
Fax:  918-890-4529
don@smolen.law
laura@smolen.law
dustin@smolen.law
jack@smolen.law



/s/ Wellon B. Poe
Wellon B. Poe, OBA No. 12440
COLLINS ZORN & WAGNER, P.C.
429 N.E. 50th Street, Second Floor
Oklahoma City, OK 73105
Telephone: (405) 524-2070
Facsimile: (405) 524-2078
Email: wbp@czwlaw.com
*Attorney for Defendant Chris Morris*