IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RITA CRAMPTON, Personal Representative of the Estate of Jane Ann Martin, deceased, | ) ) ) ) |
| Plaintiff, | ) ) ) |
| v. | )  Case No. CIV-21-53-EFM-GLJ ) |
| CHRIS MORRIS, Sheriff of Pittsburg County, Oklahoma; and Does 1-10, | ) ) ) |
| Defendants. | ) ) |

### ORDER DENYING PLAINTIFF'S MOTION TO QUASH

This matter comes before the Court on motion by Defendant Chris Morris, Sheriff of Pittsburg County, Oklahoma, to quash a third-party subpoena issued by Plaintiff Rita Crampton. As part of the discovery process, Plaintiff Crampton served a subpoena to the Network Communications International Corporation, ("NCIC") seeking documents and records related to the Pittsburg County Sheriff's Office and the Pittsburg County Criminal Justice Center, including, *inter alia*, medical requests, complaints, grievances, or kiosk requests. In response, Defendant Morris moved to quash a portion of the subpoena. The Court referred this case to the undersigned Magistrate Judge for all pretrial and discovery matters pursuant to 28 U.S.C. § 636(b) [Docket No. 73]. For the reasons set forth below, the Defendant's Limited Motion to Quash Subpoena Duces Tecem [Docket No. 68] is hereby DENIED.

The issuance of subpoenas is governed by Fed. R. Civ. P. 45, which was amended December 1, 2013. This rule states that a "subpoena may command: production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person[.]" Fed. R. Civ. P. 45(c)(2). Since 2013, a subpoena must be issued from the court where the action is pending, but a subpoena may only be quashed by a court for the district where *compliance* is required. *See* Fed. R. Civ. P. 45(a)(2), (d)(3). Defendant properly issued the subpoena from the Eastern District of Oklahoma, *see* Docket No. 68, Ex. 1, as the Court where the action is pending. The undersigned Magistrate Judge nevertheless finds this Court lacks jurisdiction over Plaintiff's Motion to Quash because a subpoena may only be quashed by a court for the district where *compliance* is required.

The parties have not addressed the question of jurisdiction in the briefing on the motion to quash; however, it is the Court's duty to examine its own jurisdiction. *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988) ("If the parties do not raise the question of lack of jurisdiction, it is the duty of the federal court to determine the matter *sua sponte*.") (*quoting Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974)). First, the requested production distance is 104 miles and outside the 100-mile limitation set forth in Rule 45. Second, the Court must address the proper district for compliance. The Court takes notice that Plaintiff directed NCIC to produce the subpoenaed documents in Tulsa, Oklahoma, making the district for compliance the Northern District of Oklahoma. Accordingly, this Court lacks jurisdiction over the Defendant's Motion to Quash on both bases. *Deselms as Trustee of Anita C. Deselms Living Trust v. Occidental*

*Petroleum Corp.*, 2021 WL 2948747, at *2 (D. Wyo. June 16, 2021) ("[W]here a subpoena-related matter is filed with the issuing court and not the court where compliance is required, the issuing court lacks jurisdiction to decide the matter."); *see also In re Syngenta Ag Mir 162 Corn Litig.*, 2017 WL 386835, at *1 (D. Kan. Jan. 27, 2017) ("Here, the subpoena served on Mr. Carrato required compliance in San Francisco, California. Because compliance is not required in the District of Kansas, this court cannot quash the subpoena or otherwise provide the relief requested by Monsanto. [] Because this court is without power to quash the subpoena or transfer the motion to itself, the motion is denied without prejudice to refiling in the Northern District of California."); *In re SBN Fog Cap II LLC*, 562 B.R. 771, 775-776 (D. Colo. 2016) (denying Motion to Quash pursuant to Rule 45; collecting cases); *Cargill Meat Solutions, Corp. v. Premium Beef Feeders, LLC*, 2015 WL 3935726, at *1 (D. Kan. June 26, 2015) ("No motion to quash has been transferred from another court, and this Court is therefore without authority to rule on Defendants' motion.").

Additionally, the undersigned Magistrate Judge notes that this Court may not simply transfer the Motion to Quash to the Northern District of Oklahoma. Under F.R.C.P. 45, "When the court where *compliance is required* did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f) (emphasis added). The Rule does not, however, permit transfer from the issuing court to the court where compliance is required. *See, e.g., Cargill*, 2015 WL 3935726, at *1 ("Although transfer of a motion to quash from the court where compliance is required to the issuing court is

permitted under the rule in certain circumstances, any such transfer is not initiated by the issuing court."). Transfer is thus not available on the present motion.

In sum, this Court lacks authority to rule on Defendant's Motion to Quash and has no authority to transfer it to the proper Court. Accordingly, IT IS HEREBY ORDERED THAT Defendant's Limited Motion to Quash Subpoena Duces Tecem [Docket No. 68] is hereby DENIED for lack of jurisdiction without prejudice to refiling in the Northern District of Oklahoma. Plaintiff's request for fees and costs [Docket No. 70] is DENIED.

**DATED** this 22nd day of May, 2023.

_____
**GERALD L. JACKSON**
**UNITED STATES MAGISTRATE JUDGE**