IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RITA CRAMPTON, Personal Representative of the Estate of Jane Ann Martin, deceased,<br><br>Plaintiff,<br><br>v.<br><br>CHRIS MORRIS, Sheriff of Pittsburg County, Oklahoma, DOES I through X<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. 21-cv-053-EFM-GLJ<br>)<br>)<br>)<br>)<br>)<br>) |

## ORDER REGARDING DEFENANT CHRIS MORRIS' MOTION TO COMPEL

This matter comes before the Court on Defendant Chris Morris' Motion to Compel with Brief in Support [Docket No. 93]. The case has been referred to the undersigned Magistrate Judge for all pretrial and discovery matters pursuant to 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72 [Docket No. 73]. For the reasons set forth below, the undersigned Magistrate Judge finds that the motion is DENIED.

## PROCEDURAL HISTORY

Plaintiff filed this case asserting claims against Defendant Morris (in both his individual and official capacity as Sheriff of Pittsburg County) for his role in promulgating and implementing constitutionally deficient policies, practices, and procedures that caused Ms. Martin's death. *See* Docket No. 2. On November 15, 2021, Defendant Morris served Requests for Production of Documents on Plaintiff requesting, *inter alia*, that Plaintiff

execute and return the Oklahoma Standard Authorizations attached to the request.  *See* Docket No. 93, p. 1.  On January 5, 2022, Plaintiff responded to the discovery requests, specifically objecting to Defendant Morris' proposed release, instead providing her own executed release.  *Id*., Ex. 4.  On April 18, 2022, Defendant Morris received a communication from NorthCare Center stating that it would not produce records for Ms. Martin because of deficiencies in the release provided.  *Id*., Ex. 6.  Although there were emails between counsel regarding the release issue from May 2022 through May 2023 if not longer, Defendant did not file his Motion to Compel until October 31, 2023, one week before the discovery cutoff under the Fifth Amended Scheduling Order.  *See* Docket Nos. 88 & 93, Exs. 7-10.

## ANALYSIS

Defendant Morris seeks an order compelling Plaintiff to execute medical/mental health records releases.  *See* Docket No. 93, p. 1.  Defendant Morris asserts Ms. Martin's medical and mental health records are relevant for discovery purposes because Plaintiff "will most likely mention" her age and life expectancy as part of her damage request and the records "will most likely" contain information regarding Ms. Martin's past drug use and health history, which would affect her life expectancy.  *Id*., p. 4.  Plaintiff responds by asserting that Ms. Martin's mental health records are both privileged and irrelevant, the substance abuse records are irrelevant, and Defendant Morris' motion is untimely.  *See* Docket No. 107, pp. 3-9.

### I.     *Relevancy and Privilege*

Under Rule 26, the scope of discovery includes "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. . . ." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id*. Evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Thus, Defendant Morris is correct that information need not be admissible to be discoverable. *See* Fed. R. Civ. P. 26(b)(1); *see also In re Cooper Tire & Rubber Co.*, 568 F.3d 1180, 1189 (10th Cir. 2009) (noting that, at least in one respect, the concept of relevance in discovery "clearly is broader than 'admissibility' at trial"). However, it is the requesting party's burden to demonstrate such relevance. *See Sanderson v. Winner*, 507 F.2d 477, 480 (10th Cir. 1974) (stating that it was unnecessary to reach the issue of privilege because the requested discovery was not relevant and thus not permitted); *Reagan v. Okmulgee Cnty. Criminal Justice Auth.,* 2021 WL 4315753, *2 (E.D. Okla. Sept. 22, 2021) (same).

Defendant Morris' basis for arguing the sought after medical and mental health records are relevant is that he believes Plaintiff may mention Ms. Martin's age and life expectancy at trial when seeking a damage award and that the records may have information concerning drug use and health history that could affect Ms. Martin's life expectancy. *See* Docket No. 93, p. 4. The fact that relevance for discovery purposes is broad does not mean it is without limits. Courts should prevent speculative "fishing expeditions", *Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1238 (10th Cir. 2000), and the

-3-

broad relevance standard must be considered in conjunction with the proportionality considerations. *See* Fed. R. Civ. P. 26 advisory committee's note to 2015 amendment ("The present amendment again reflects the need for continuing and close judicial involvement in the cases that do not yield readily to the ideal of effective party management."); *see also Henry v. Morgan's Hotel Group, Inc.*, 2016 WL 303114, at *3 (S.D.N.Y. Jan. 25, 2016) (explaining that the amended rule is intended to "encourage judges to be more aggressive in identifying and discouraging discovery overuse by emphasizing the need to analyze proportionality before ordering production of relevant information") (internal quotation omitted). At best, the relevance of the records to be sought in this matter is speculative and there is no showing of proportionality. Similarly, Defendant Morris offers nothing nonspeculative as to why records related to Ms. Martin's past drug use are relevant.

Even if Defendant Morris meets his burden of showing the relevance of the records sought to be requested, only nonprivileged information is discoverable. Fed. R. Civ. P. 26(b)(1). Defendant Morris seeks to compel a signed release related to medical and mental health records of Ms. Martin. Under Oklahoma law:

> A patient has a privilege to refuse to disclose and to prevent any other person from disclosing confidential communications made for the purpose of diagnosis or treatment of the patient's physical, mental or emotional condition, including alcohol or drug addiction, among the patient, the patient's physician or psychotherapist, and persons who are participating in the diagnosis or treatment under the direction of the physician or psychotherapist, including members of the patient's family.

12 O.S. § 2503(B). An exception to this privilege applies, however, in:

> any proceeding in which the patient relies upon that condition as an element of the patient's claim or defense or, after the patient's death, in any proceeding in which any party *relies upon the condition as an element of the party's claim or defense* is qualified to the extent that an adverse party in the proceeding may obtain relevant information regarding the condition by statutory discovery. . . .

*Id*. at § 2503(D)(3) (emphasis added). "In cases where the defendant seeks to make the plaintiff's mental state an issue, the defendant bears the burden of showing that the plaintiff's mental state is in controversy." *Womack v. Stevens Transport, Inc.*, 205 F.R.D. 445, 447 (E.D. Pa. 2001) (emphasis added); *see also Schlaugenhauf v. Holder*, 379 U.S. 104 (1964).

Although Defendant Morris quotes the exception to the privilege in 12 O.S. §2503(D)(3), he offers no basis for its application in this case. Instead, he cites to an Oklahoma Supreme Court decision holding that "the privilege is waived *only* to the extent of the conditions claimed to have been caused b*y the negligence of the tortfeasor*." *Nitzel v. Jackson*, 1994 OK 49, ¶ 1, 879 P.2d 1222, 1223 (emphasis added). Nowhere does Defendant Morris identify or demonstrate that Plaintiff alleges that the condition claimed, and that would be covered by the medical or mental health records, is claimed to have been caused by Defendant Morris or the Pittsburgh County jail. Instead, Defendant Morris focuses exclusive on what information the records might have related to Ms. Martin's life expectancy. Thus, even by Defendant Morris' own description, the records to be sought relate only to the issue of damages, not an element of Plaintiff's claim. *See, e.g.*, Docket No. 93, p.4 ("Plaintiff will most likely mention Martin's age and life expectancy when asking the jury to award damages. The requested records will most likely have information

concerning drug use history and even health history—issues both of which would affect her life expectancy.").

Moreover, as noted by Plaintiff, a claim for mental pain and anguish for Ms. Martin does not put her mental health history at issue and the psychotherapist-patient privilege in 12 O.S. § 2503(B) is not waived by seeking "garden variety" or "generic" mental distress damages suffered by an ordinary person in similar circumstances. *See e.g.*, *Shreck v. N. Am. Van Lines, Inc.*, 2006 WL 1720545, at *2 (N.D. Okla. June 19, 2006); *Thompson v. TCI Products Co.*, 2014 WL 5089938, at *3 (N.D. Okla. October 9, 2014) ("mental anguish" in the context of a wrongful death claim is an "item of recovery, not an element of the claim."); *Ellis v. Gurich*, 2003 OK 47, ¶ 1, 73 P.3d 860 ("the filing of a wrongful death action is not *ipso facto* a waiver of the psychotherapist-patient privilege held by a plaintiff").

## II.     Moton to Compel is Untimely

Even if Defendant Morris met his burden of showing the relevance and the applicability of any exception to any privilege for the sought after records, he failed to timely bring his Motion to Compel.  It is clear that Plaintiff objected to Defendant Morris' proposed release in January 2022.  Moreover, as of April 2022, Defendant Morris was plainly on notice that the executed release provided by Plaintiff was inadequate for the medical and mental health records he sought to obtain.  Despite numerous discussions between counsel for the parties from May 2022 through May 2023, Defendant Morris never brought this issue to the Court

for resolution. Instead, Defendant Morris waited until one week before the close of discovery under the Fifth Amended Scheduling Order before filing his Motion to Compel.[1]

"Once a party has made its discovery objections known, 'the initiative rests with the party seeking production to move for an order compelling it.'" *Barnes v. United States*, 2013 WL 12425651, at *2 (N.D. Okla. Oct. 15, 2013) (quoting *Clinchfield R. Co. v. Lynch*, 700 F.2d 126, 132 n.10 (4th Cir. 1983)). "Failure to pursue a discovery remedy in a timely fashion may constitute waiver of discovery violations." *Continental Indus., Inc. v. Integrated Logistics Solutions, LLC*, 211 F.R.D. 442, 444 (N.D. Okla. 2002). Although Fed. R. Civ. P. 37 does not specify a time limit, a party seeking to compel discovery must do so in a timely manner. *See Buttler v. Benson*, 193 F.R.D. 664, 666 (D. Colo. 2000) (concluding that a "party cannot ignore available discovery remedies for months"); *Cont'l Indus., Inc.*, 211 F.R.D. at 444; *Barnes*, 2013 WL 12425651, at *2 (denying a motion to compel that was filed on the day discovery closed after a two-month delay).

Despite being aware that Plaintiff objected to his proposed release and that he could not obtain the records he sought with the release Plaintiff provided, Defendant Morris did nothing for seventeen months to resolve the matter and only then on the doorstep of the discovery cutoff did he file the Motion to Compel. Defendant Morris plainly sat on his rights to pursue the release and offers no explanation for his delay. Moreover, even if the

---

[1] The undersigned Magistrate Judge has never discouraged the parties in this or any other case from bringing discovery disputes before the Court. While the undersigned Magistrate Judge expects parties to fulfill their obligation to confer in a good faith attempt to resolve discovery disputes before seeking Court intervention pursuant to LCvR 7.1(f), the undersigned also expects parties to timely identify and address all alleged discovery deficiencies to avoid discovery delays or unnecessarily requiring extensions to scheduled deadlines.

Court grants him the requested relief, he would only be provided a medical records release but have no way of conducting discovery from nonparties without additional leave to engage in such discovery well outside the discovery period, thereby jeopardizing the upcoming deadlines in the Fifth Amended Scheduling order.  In *Barnes*, the United States District Court for the Northern District of Oklahoma held that a two-month delay was inexcusable.  2013 WL 12425651, at *2.  Defendant Morris waited seventeen months.  Such a delay is a waiver of Defendant Morris' objection and his Motion to Compel is therefore untimely.

## CONCLUSION

Based on the foregoing, Defendant Chris Morris' Motion to Compel and Brief in Support [Docket No. 93] is DENIED.

IT IS SO ORDERED this 14th day of November, 2023.

_____
**GERALD L. JACKSON**
**UNITED STATES MAGISTRATE JUDGE**