IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) RITA CRAMPTON, Personal Representative of the Estate of Jane Ann Martin, deceased, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 21-CV-053-EFM-GLJ |
| (1) CHRIS MORRIS, Sheriff of Pittsburg County, Oklahoma; (2) DOES I through X, | ) ) ) ) ) | |
| Defendants. | ) | |

**DEFENDANT CHRIS MORRIS'S REPLY TO PLAINTIFF'S RESPONSE
IN OPPOSITION TO DEFENDANT'S MOTION IN LIMINE**

Defendant Chris Morris, Sheriff of Pittsburg County, in individual and official capacities, pursuant LCvR 7.1(e), files this Reply to "Plaintiff's Response in Opposition to Defendant Chris Morris's Motion *In Limine*" [Dkt. 134]. In further support of his Motion, Defendant Morris states as follows:

**ARGUMENT AND AUTHORITY**

**1.   REFERENCES TO OKLAHOMA DEPARTMENT OF HEALTH JAIL STANDARDS OR OTHER NATIONAL STANDARDS AND SUGGESTIONS THAT THE JAIL'S POLICIES AND PRACTICES WERE NOT IN COMPLIANCE THEREWITH.**

The clearly-established law requires the exclusion of any evidence regarding the violation of state law, state regulations, policies and procedures, and state and/or national standards. *See Tanberg v. Sholtis*, 401 F.3d 1151, 1167 (10th Cir. 2005) (police standard operating procedures irrelevant and likely to cause jury confusion); *see also Romero v. Bd. of Cty. Comm'rs*, 60 F.3d 702, 705 (10th Cir. 1995) (violations of state law and police procedures do not give rise to 42 U.S.C. § 1983 claim). Indeed, the standard in this case is whether any agent, employee or office of the Pittsburg County Jail was deliberately indifferent to the Decedent's objectively serious

medical needs and whether any such deliberate indifference was attributable to any policy, practice, or custom of Defendant Morris. Violation of any standard, policy, or state law does not amount to a violation of one's civil rights. *See Tanberg*, 401 F.3d at1167; *see also Romero*, 60 F.3d at 705. Therefore, any questions, references, or evidence regarding the Oklahoma Jail Standards, or any other national standards, and whether the Pittsburg County Jail's policies and practices were in compliance therewith should be prohibited since they are irrelevant, misleading, and would confuse the jury. *See* Fed. R. Evid. 401-403.

2. **ANY REFERENCES TO PRIOR ALLEGED DENIALS OF INMATE MEDICAL CARE AT THE JAIL WITHOUT PROOF AS WELL AS REFERENCES TO "SICK" OR "ILL" INMATES GENERALLY.**

Plaintiff does not substantively respond to Defendant Morris's argument that references to alleged prior instances of denial of inmate medical care, even mere allegations, at the Pittsburg County Jail without providing any actual evidence or proof that such prior instances actually occurred, should be excluded. Furthermore, Plaintiff asserts that she "does not plan on making vague, unsupported references to 'sick' or 'ill' inmates." [Dkt. 134, p. 12]. As such, Defendant's second Motion *in Limine* should be granted.

3. **ANY SUGGESTION THAT THE COST OF MEDICAL CARE AFFECTED THE QUALITY OF CARE AT THE JAIL.**

As set forth in the Defendant's Motion, there is no evidence that the cost of inmate medical care affected the quality of medical care provided to inmates in any way. None of the evidentiary material cited by Plaintiff refutes this fact. While there has been testimony that costs of medical care are always a concern, as with any entity, there is no testimony or evidence that those concerns or the actual affected the extent and quality of medical care provided to inmates in any way. [Dkt. 117-1]. As there is no evidence to support such a claim, any suggestion that the costs of medical care at the jail negatively affected the quality of care provided to inmates should be excluded

pursuant to Fed. R. Evid. 403 as any minimal probative value of such evidence is substantially outweighed by the danger of unfair prejudice to the Defendant, and by the danger it will confuse the issues and mislead the jury.

4. **ANY REFERENCE OR SUGGESTION THAT NURSE DORIS CRAWFORD PROVIDED MEDICAL CARE OUTSIDE THE SCOPE OF HER LICENSURE AS AN RN.**

Plaintiff's expert witness's conclusory opinion notwithstanding, Plaintiff has presented no evidence that Nurse Crawford was diagnosing inmate medical issues outside the scope of her licensure as a Registered Nurse. As the issue is without evidentiary support, any such reference or suggestion should be excluded pursuant to Fed. R. Evid. 403 as any minimal probative value of such evidence is substantially outweighed by the danger of unfair prejudice to the Defendant, and by the danger it will confuse the issues and mislead the jury.

5. **ANY REFERENCE TO THE MANNER IN WHICH OTHER JAIL FACILITIES MAY PROVIDE INMATE MEDICAL CARE.**

Plaintiff's argument that "she should be permitted to offer evidence and testimony about relevant standards to which jails and prisons are held…" [Dkt. 134, p. 14] is not actually responsive to the Defendant's fifth Motion *in Limine*. As such, the Motion should be granted.

6. **ANY REFERENCE TO OR DISCUSSION OF THE FAILURE TO SIGN THE JAIL'S WRITTEN POLICIES OR SUGGESTION THAT SUCH FAILURE RENDERED THEM INVALID.**

Plaintiff wholly fails to explain how this issue is relevant to any matters at issue in this case. Any suggestion that the failure to physically sign any written policy provisions somehow rendered them invalid is wholly without support. Therefore, any questions, references, or evidence regarding the Defendant's failure to physically sign any of the jail's written policies should be prohibited since they are irrelevant, misleading, and would confuse the jury. *See* Fed. R. Evid. 401-403.

7. **ANY SUGGESTION THAT THE DECEDENT DID NOT KNOW OF HER RIGHT TO MEDICAL CARE AT THE JAIL OR HOW TO ACCESS SAME.**

Plaintiff provides no response to Defendant's seventh Motion *in Limine*. As such, the Motion should be granted.

8. **PREVIOUS OR SUBSEQUENT LAWSUITS AGAINST PITTSBURG COUNTY.**

Plaintiff asserts that she "plans on offering evidence of other cases or instances of medical neglect at the Jail to meet her burden of establishing the existence of an unconstitutional practice, policy or custom and deliberate indifference." [Dkt. 134, p. 15]. However, this is simply not responsive to the Defendant's eighth Motion *in Limine*. That the County may have been sued before is not, in itself, evidence of other instances of medical neglect at the Jail. Such evidence is irrelevant and prejudicial, and should be excluded. *See* Fed. R. Evid. 401-403; *see also Kinan v. City of Brockton*, 876 F.2d 1029, 1034-35 (1st Cir. 1989) (trial court's exclusion of two other civil rights lawsuits against defendant police officer was not abuse of discretion).

9. **NEWSPAPER ARTICLES AND MEDIA PUBLICATIONS.**

Plaintiff provides no response to Defendant's ninth Motion *in Limine*. As such, the Motion should be granted.

10. **THE POSSIBLE EXISTENCE OF LIABILITY INSURANCE.**

Plaintiff does not object to Defendant's tenth Motion *in Limine*. [Dkt. 134, p. 16]. As such, the Motion should be granted.

11. **EXPERT MEDICAL OPINIONS FROM ANY LAY WITNESS.**

Testimony regarding the medical causation of any of the damages or injuries of the Decedent attributable to the alleged acts of the Defendant or any of his agents or employees, including the origin, etiology, or medical reasons for the death of the Decedent and the Decedent's mental state before his death, requires expert requires expert medical testimony. *Boxberger v.*

*Martin*, 552 P.2d 370 (Okla. 1976); *Fitzgerald v. Manning,* 679 F.2d 341 (4th Cir. 1982); *McKellips v. Saint Francis Hosp.,* 741 P.2d 467 (Okla. 1987). As such, Plaintiff should be prohibited from offering or eliciting such testimony from lay witnesses.

12. **FINANCIAL CONDITION OF THE PARTIES.**

Referencing her response to Defendant's twelfth Motion *in Limine*, Plaintiff argues that "the financial condition of the County is relevant to Plaintiff's case for liability against the County." [Dkt. 134, p. 17]. However, Plaintiff's contention in this regard is unfounded because, as discussed above, there is simply no evidence in the record which indicates that the costs of medical care at the jail negatively affected the quality of care provided to inmates. As such, any statements and/or references to the financial condition of the Defendant are improper and prejudicial to the Defendant, and they should be excluded by an Order from this Court.

Moreover, Plaintiff has failed to respond to the Defendant's argument that any statement or suggestion that the Decedent's family and heirs are struggling to make ends meet is irrelevant and unfairly prejudicial to the Defendant. As such, Defendant's twelfth Motion *in Limine* should be granted in that regard.

13. **ANY EXPERT WITNESS OPINIONS NOT PREVIOUSLY DISCLOSED.**

Plaintiff provides no response to Defendant's thirteenth Motion *in Limine*. As such, the Motion should be granted.

14. **OPINIONS OR QUESTIONS OF WITNESSES ABOUT THE TRUTHFULNESS OR HONESTY OF OTHER WITNESSES.**

Plaintiff does not respond the Defendant's argument that anticipates that any attempts to elicit testimony regarding her or other witnesses' dislike of other witnesses and/or the Defendant should be excluded. As such, this Motion should be granted in that regard and such testimony excluded.

5

**15.   OPINION OF COUNSEL.**

Plaintiff provides no substantive response to Defendant's fifteenth Motion *in Limine*. As such, the Motion should be granted.

**16.   HYPOTHETICAL QUESTIONS.**

Plaintiff argues that, under certain circumstances, "certain hypothetical questions are permissible to both expert and lay witnesses." [Dkt. 134, p. 19]. However, Plaintiff fails to cite to any authority supporting such testimony from lay witnesses. Furthermore, Plaintiff has failed to identify that necessary circumstances which would allow an expert witness to testify as to hypotheticals actually exist in this case. As such, Defendant's sixteenth Motion *in Limine* should be granted.

**17.   PERSONALIZING THE CASE.**

Citing *Moody v. Ford Motor Co.*, 506 F. Supp. 2d 823, 836 (N.D. Okla. 2007), Plaintiff argues that "Golden Rule" arguments are not improper on the issue of liability and "reserves the right to make such argument with respect to liability." [Dkt. 134, p. 19]. However, Plaintiff's argument in this regard is simply not responsive to Defendant's argument that it would be improper for Plaintiff to plead to the jury to consider how they or their family members might feel if a family member died under similar circumstances as the Decedent in this case. Such a tactic necessarily relates to the issue of damages, not the issue of liability. As such, Defendant's seventeenth Motion *in Limine* should be granted, and any such argumentation should be barred.

**18.   USING A VERDICT TO "SEND A MESSAGE" OR TO PUNISH THE DEFENDANT.**

Plaintiff argues that asking the jury to "send a message" with a compensatory damages verdict is appropriate under § 1983. However, Plaintiff does not cite to any Tenth Circuit authority holding that such argument is permissible for claims under § 1983. As set forth in the Defendant's Motion,

such comments are unfairly prejudicial and can form the basis of a new trial. *See Moody v. Ford Motor Co.*, 506 F.Supp.2d 823, 837-38 (N.D. Okla. 2007) (asking jury to "send a message" with its verdict is improper).

**19.     PERSONAL ISSUES OF DEFENDANT SHERIFF CHRIS MORRIS**

Plaintiff argues that Defendant Morris's 2008 DUI arrest, and subsequent suspension and termination, is relevant because Loyd London "appeared on behalf of or in support of Defendant Morris in some capacity as Fraternal Order of Police representative during proceedings to suspend and/or dismiss" [Dkt. 134, pp. 21-22], and because Defendant Morris subsequently hired him as Chief of Security/Jail Administrator despite the fact that he had no previous jail experience. Plaintiff further argues that Mr. London failed to ensure compliance with jail medical screening policies which Plaintiff contends are central to this case. However, the deposition testimony cited by Plaintiff does not support her contention that Mr. London acted as a representative in support of Defendant Morris at the termination hearing.

Regardless, even assuming *arguendo* that Plaintiff's argument regarding the hiring of Loyd London was valid, there is simply no good reason for Plaintiff to introduce this evidence to the jury. Plaintiff can obviously make the same point to the jury by simply eliciting that Defendant Morris and London had a prior relationship without going into the specifics of Defendant Morris's suspension, termination, or DUI arrest. That Plaintiff wishes to delve into those specifics clearly indicates that she is not simply attempting to supply the jury with relevant evidence, but is rather motivated by an improper desire to unfairly prejudice Defendant Morris in the eyes of the jury. Any minimal probative value that this evidence may have is clearly substantially outweighed by the danger of unfair prejudice to Defendant Morris, and should be excluded.

Plaintiff further argues that "Sheriff Morris's alleged affair with a jailer at the Pittsburg County Jail, in violation of Jail Policy, is further evidence of the widespread disregard for Jail

Policies that started with Defendant Morris and trickled down to Jail operations." [Dkt. 134, p. 24]. However, the alleged affair is unsubstantiated and would rely entirely on inherently unreliable and inadmissible hearsay. Fed. R. Evid. 801, *et seq*. Furthermore, aside from the unsubstantiated allegations of an affair, there is simply no evidence that Defendant Morris engaged in a "widespread disregard for Jail Policies" or that any such disregard on the part of Defendant Morris "trickled down to jail operations" – thereby wholly undermining the basis for Plaintiff's relevancy argument. Moreover, given the lurid and unsubstantiated nature of this evidence, any miniscule probative value which it may have is clearly outweighed by the danger of unfair prejudice to Defendant Morris.

In sum, the probative value of these issues is extremely tenuous at best, and any minimal probative value which they might have is obviously substantially outweighed by the danger of unfair prejudice to Defendant Morris. Plaintiff's apparent eagerness to inject such immaterial and prejudicial issues into these proceedings appears to be motivated by a desire to improperly paint Defendant Morris a "bad actor" in the eyes of the jury. However, that is improper purpose under the Federal Rules of Evidence, and such evidence should be excluded for the reasons set forth in the Defendant's Motion. As such, Defendant's nineteenth Motion *in Limine* should be granted.

Respectfully submitted,

s/ Jamison C. Whitson
Wellon B. Poe, OBA No. 12440
Jamison C. Whitson, OBA No. 18490
Howard T. Morrow, OBA No. 32650
COLLINS ZORN & WAGNER, PLLC
429 N.E. 50th Street, Second Floor
Oklahoma City, OK   73105
Telephone:    (405) 524-2070
Facsimile:    (405) 524-2078
Email:        wbp@czwlaw.com
              jcw@czwlaw.com
              htm@czwlaw.com

*ATTORNEYS FOR DEFENDANT CHRIS MORRIS, SHERIFF OF PITTSBURG COUNTY*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 23, 2024, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Donald E. Smolen
Jack W. Warren
Smolen Law, PLLC
611 S. Detroit Avenue
Tulsa, OK   74120

*Attorneys for Plaintiff*

s/ Jamison C. Whitson
Jamison C. Whitson